UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RONALD GENE BROWN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 1:05CV194 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Ronald Gene Brown's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, [#1], filed on October 24, 2005. The government has filed a written response and has moved to dismiss the motion. As grounds for his § 2255 motion, Movant specifically states:

1. ". . . the district court erred by failing to count Movant's three state offenses of delivery of controlled substances as only one prior felony conviction of controlled substance offense for purposes of the armed career criminal provision."

2. ". . . his Fourth and Sixth Amendment rights were violated when counsel failed to request a suppression hearing to suppress the ammunition illegally seized from 140 West Main, Whitewater, Missouri."

3. ". . . that in light of the United States Supreme Court decision in United States v. Booker, 543 U.S. ---, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Movant's sentence of 188 months is illegally enhanced on the basis of judicially determined facts, moreover Booker is retroactively applicable

to Movant's 2255 motion."

The Court concludes that all of Movant's claims are conclusively refuted by the record, and therefore, the Court will deny the motion without a hearing.

**Facts and Background**

On May 22, 2003, a Grand Jury in the Southeastern Division of the Eastern District of Missouri, returned a one-count Indictment against Movant, Ronald Gene Brown. Movant was charged with being in possession of ammunition that had traveled in interstate commerce and that at the time of the possession, Brown was a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

Movant appeared before Magistrate Judge Buckles with his attorney, Derrick Williams, on June 30, 2003, the date originally set for a hearing on any pretrial motions that had been filed. Movant had not filed any pretrial motions, and after speaking with Judge Buckles, Movant stated that he did not wish to raise any pretrial issues, including motions to suppress evidence or statements. Judge Buckles accepted Movant's waiver of his right to file pretrial motions and the case was set for trial before this Court on October 7, 2003.

On October 24, 2003, this Court granted Derrick Williams' motion to withdraw as the attorney for Movant. Mr. Williams claimed he had been discharged by Movant and that he was unable to communicate with him. The Court appointed attorney Brent

Lance to represent Movant at trial. Mr. Lance filed a motion on behalf of Movant to re-open his right to file pretrial motions, alleging that Movant's prior waiver was not a "knowing" waiver and that his previous attorney did not explain the consequences of the waiver.

On December 18, 2003, a hearing was held on the motion before this Court. Movant did not offer any evidence in support of the motion, but suggested that granting the motion was in the interests of justice. The Government responded by requesting that the Court listen to the recorded proceedings of the pretrial motions waiver hearing to determine if Movant had made a knowing waiver of his pretrial motions rights. After listening to the recorded proceedings, this Court entered an Order wherein it found that Movant knowingly waived his right to file pretrial motions. The case was re-set for a jury trial on February 18, 2004.

On February 18, 2004, Movant was tried before a jury on the one-count Indictment, which charged Movant with being a convicted felon in possession of ammunition. Movant stipulated at the beginning of trial that he was a previously convicted felon. The jury was not made aware of the number of felony convictions nor the type of convictions Movant had. At the conclusion of the evidence, the cause was submitted to the jury, which subsequently returned a verdict of guilty.

A Presentence Investigation Report (PSR) was prepared following the trial. The

Probation Officer recommended that Movant's base offense level was 24, but the level was modified to a level 33 due to Movant's classification as an Armed Career Criminal. 18 U.S.C. § 924(e)(1); U.S.S.G. Section 4B1.4(b)(3)(B). There were no reductions for acceptance of responsibility, since Movant denied guilt and stood trial. Movant's criminal history was determined to be at Category IV pursuant to U.S.S.G. Section 4B1.4(e)(3). The PSR concluded that the applicable sentencing range was subject to a term of imprisonment of 188 to 235 months. Movant filed objections to the PSR and the calculation of the guideline sentencing range. Specifically, Movant objected to whether he was an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(1). The Government did not object to the PSR.

At the sentencing hearing on May 11, 2004, Movant's objections to the PSR were heard, considered, and overruled. Movant argued that three of his prior felony drug delivery convictions were from one case with three counts and that these convictions should be treated as one related case. Movant also objected to the inclusion of his drug "delivery" conviction as a predicate conviction for Armed Career Criminal status because 18 U.S.C. § 924(3) only allows for the inclusion of "distribution or manufacturing" drug convictions. Movant claimed the term "delivery" was not the same as "distributing." Both of Movant's objections were overruled by this Court, and Movant was sentenced to a term of imprisonment of 188 months, with

a supervised release term of three years, no fine, and a $100 special assessment. Movant filed a timely appeal of his conviction, which was affirmed on May 9, 2005 by the Eighth Circuit in *United States v. Brown,* 408 F.3d 1016 (8th Cir. 2005).

On October 19, 2005, Movant filed his Section 2255 Petition to the U.S. District Court. As grounds for his § 2255 motion, Movant alleges that (1) the district court committed error in counting each prior conviction as a separate conviction rather than considering the counts as related and his attorney was ineffective for failing to convince the court that his prior convictions were miscounted; (2) his attorney was ineffective in failing to file a motion to suppress evidence; and (3) his sentence was improperly enhanced because the district court made judicial determinations of fact which exposed Movant to a higher sentencing guideline sentence.

## **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statue or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect

a supervised release term of three years, no fine, and a $100 special assessment. Movant filed a timely appeal of his conviction, which was affirmed on May 9, 2005 by the Eighth Circuit in *United States v. Brown,* 408 F.3d 1016 (8th Cir. 2005).

On October 19, 2005, Movant filed his Section 2255 Petition to the U.S. District Court. As grounds for his § 2255 motion, Movant alleges that (1) the district court committed error in counting each prior conviction as a separate conviction rather than considering the counts as related and his attorney was ineffective for failing to convince the court that his prior convictions were miscounted; (2) his attorney was ineffective in failing to file a motion to suppress evidence; and (3) his sentence was improperly enhanced because the district court made judicial determinations of fact which exposed Movant to a higher sentencing guideline sentence.

## **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statue or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect

a supervised release term of three years, no fine, and a $100 special assessment. Movant filed a timely appeal of his conviction, which was affirmed on May 9, 2005 by the Eighth Circuit in *United States v. Brown,* 408 F.3d 1016 (8th Cir. 2005).

On October 19, 2005, Movant filed his Section 2255 Petition to the U.S. District Court. As grounds for his § 2255 motion, Movant alleges that (1) the district court committed error in counting each prior conviction as a separate conviction rather than considering the counts as related and his attorney was ineffective for failing to convince the court that his prior convictions were miscounted; (2) his attorney was ineffective in failing to file a motion to suppress evidence; and (3) his sentence was improperly enhanced because the district court made judicial determinations of fact which exposed Movant to a higher sentencing guideline sentence.

## **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statue or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect

which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a "petitioner is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [petitioner] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

The standard has recently been defined by the Eighth Circuit Court of Appeals:
An ineffective assistance claim generally requires two showings. "First

the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. This entails "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Second, the defendant must show prejudice. *Id*. To show prejudice, he or she must prove that "counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable." *Id*.; *accord Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, L.Ed.2d 180 (1993)(admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.").

*Covey v. United States*, 377 F.3d 903, 906 (8th Cir. 2004). When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields v. United States,* 201 F.3d 1025, 1027 (8th Cir. 2000) (quoting *Strickland,* 466 U.S. at 688).

## Discussion

**Prior Convictions**

Movant first claims his three prior convictions were miscounted by the Court, because they were convictions which occurred in the same case and were presented as three counts of an information. Movant, however, was sentenced as an Armed Career

Criminal subject to the provisions of 18 U.S.C. § 924(e) and U.S.S.G. §4B1.4. Section 924(e)(1) provides in relevant part as follows:

> In the case of a person who violates Section 922(g) of this title and has three previous convictions by any court referred to in section 922(g) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . ."

18 U.S.C. § 924(e)(1). Section 4B1.4 of the U.S.S.G. provides in relevant part:

> (a) A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(3) is an armed career criminal.

U.S.S.G. §4B1.4(a).

The Government concedes that the language in Sections 4A1.1 and 4A1.2 provides that multi-count convictions only count for one conviction if they are presented in the same information. The rules in these sections, however, do not apply to whether a defendant is an armed career criminal; they merely apply to computing a defendant's criminal history category.

This issue is well-settled in the Eighth Circuit. In *United States v. Speakman,* 330 F.3d 1080 (8th Cir. 2003), for example, the defendant was convicted of being a felon in possession of a firearm and sentenced to 15 years imprisonment as an armed career criminal. On appeal, the defendant argued he did not have three prior qualifying convictions because his prior felony convictions occurred in one case as seven separate

counts. The Court held that for the purpose of determining the defendant's armed career criminal status, each of his prior felony counts served as separate convictions. The Court stated that "arguments similar to Speakman's have 'no merit, for it is the criminal episodes underlying the convictions, not the dates of conviction, that must be distinct to trigger the provisions of the ACCA.'" *Id.* at 1082 (quoting *United States v. Rush,* 840 F.2d 580, 581 (8th Cir. 1988)). Section 924(e) "specifically notes that it is the occurrence of the criminal activity, not the conviction, that dictates the enhancement decision." *Id.* at 1083 (citing *United States v. Cardenas,* 217 F.3d 491 (7th Cir. 2000) (court determined that three drug sales to confidential informants occurring over two days, with two of those sales occurring only forty-five minutes apart, constituted three separate "occasions different from one another" under armed criminal career enhancement statute)). Thus, under the controlling case-law in this Circuit, Movant's arguments are unavailing.

Likewise, Movant's argument that his attorney was ineffective for failing to convince this Court that his prior convictions were miscounted is without merit. Movant has failed to show that counsel's performance was unreasonable, and Movant would be hard-pressed to do so, considering the argument regarding the allegedly miscounted convictions is legally unsound. Thus, Movant has failed to establish that counsel's performance fell "below an objective standard of reasonableness," or was

otherwise deficient under the *Strickland* standard. *Strickland*, 466 U.S. at 687-88.

**Ineffective Assistance of Counsel**

Movant next claims his attorney was ineffective for failing to file a motion to suppress the ammunition. As stated, *supra,* Movant appeared before Magistrate Judge Buckles on June 30, 2003, with his attorney, Derrick Williams. Movant had not filed any pretrial motions. After speaking with Judge Buckles, Movant stated that he did not wish to raise any pretrial issues, including motions to suppress evidence or statements. Judge Buckles accepted Movant's waiver of his knowing and voluntary right to file pretrial motions.

Attorney Brent Lance was later appointed to represent Movant, and on behalf of Movant, Mr. Lance filed a motion to re-open his right to file pretrial motions. At the hearing on the matter, Movant did not offer any evidence in support of the motion, but merely suggested that granting the motion was in the interests of justice. After thorough review of the recorded proceedings, this Court found that Movant knowingly waived his right to file pretrial motions.

Because he knowingly waived his right to file pretrial motions, Movant cannot now claim his counsel was ineffective for following Movant's instructions to waive the right to file and then for following his instructions to undo that choice. Movant has failed to establish that either counsel's performance fell below an objective standard of

reasonableness in abiding by Movant's instructions.

**Improper Sentence Enhancement**

Movant next claims the U.S. Supreme Court decisions in *Blakely v. Washington,* 542 U.S. 296 (2004) and *United States v. Booker,* 543 U.S. 220 (2005) require that the sentencing court not make any factual findings that expose a defendant to a higher sentence than those found by the jury. The decisions of *Blakely* and *Booker*, however, do not impact armed career criminal determinations. The Supreme Court's decision in *Booker* found the federal sentencing guidelines to be advisory, not mandatory. Yet Movant's sentence was not determined based upon an application of the federal sentencing guidelines. Rather, it was based upon the mandatory minimum sentence set forth in the Armed Career Criminal Act. "As to the finding concerning the prior convictions which triggered the mandatory minimum sentence, the Supreme Court has consistently said that the fact of a prior conviction is for the court to determine, not a jury." *United States v. Nolan,* 397 F.3d 665, 667 n. 2 (8th Cir. 2005) (quoting *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) and *Booker,* 125 S.Ct. at 756). Consequently, there is no *Blakely/Booker* issue in this case.

## Conclusion

For the foregoing reasons, this Court finds that nothing in the record supports Movant's claim that he is entitled to relief under Section 2255.

Accordingly,

**IT IS HEREBY ORDERED** that Ronald Gene Brown's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, [#1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability because Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 18th day of May, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE